FRED E. WOODWORTH, Respondent, *v.* VILLAGE OF NUNDA, Appellant.

Fourth Department, May 6, 1925.

Contempt — civil contempt — motion to adjudge defendant in contempt based on violation of injunction contained in judgment restraining defendant from taking more than specified amount of water from creek — judgment was modified by suspending injunction for six months to enable defendant to acquire water — defendant did not condemn water rights — proof does not establish violation of injunction.

The evidence in proceedings to punish the defendant for contempt based on an alleged violation of an injunction restraining it from using more than a specified

amount of water from a certain creek, which injunction was suspended for six months to enable the defendant to acquire the water rights, does not show that defendant, after the expiration of six months, it not having acquired the water rights in the meantime, took more water than it had the right to take after the judgment granted, and, therefore, it was error to find the defendant to be in contempt of court.

APPEAL by the defendant, Village of Nunda, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Livingston on the 20th day of December, 1924, adjudging the defendant in contempt of court.

*George R. Graves,* for the appellant.

*Sutherland & Dwyer* [*Andrew R. Sutherland* of counsel], for the respondent.

PER CURIAM:

In 1921 plaintiff was granted a judgment herein against defendant, which provided, among other things, that defendant should be enjoined after six months from the date of the judgment from taking more than a specified amount of water from Little Dansville creek. Upon appeal to this court the judgment was modified in some respects and affirmed. (See 191 N. Y. Supp. 76; 206 App. Div. 731.) The order then made contained the following provision: " To enable the defendant without prejudice, if so advised, to take proceedings to acquire the right to take water from the creek, the operation of the injunctive provision of the judgment appealed from is suspended six months from the time of the entry and notice of the judgment upon this order."

On March 7, 1924, proceedings in contempt to punish defendant for violating the injunction were begun. A reference to take proofs and report back to the court was had. On December 19, 1924, an order was made adjudging that defendant had violated the injunction and imposing a penalty of $385. The appeal is from that order.

Under the terms of the judgment, defendant had the option either to condemn within the period allowed or to take water only within the limit fixed. It did not condemn. Therefore to sustain the order appealed from there must be some proof that defendant, subsequent to November 15, 1923, when the six months' grace expired, took more water than it had a right to. It may not be sustained merely on suspicion or on evidence of a willingness to use the existing conditions as a basis for trading with plaintiff. There is no finding in the referee's report that excess water had been taken. There is no evidence to warrant such a finding. The intake pipe remains as it was at the time of judgment. But that alone is not sufficient. The evidence shows that from Novem-

ber 15, 1923, down to the date of the hearing herein, plaintiff had sufficient water.   There is also evidence by defendant tending to show a decreased use of water by it.

Upon the record  the order is without support and should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.   Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs and disbursements.